UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BALDEMAR ELIDA SANCHEZ,<br>a/k/a VALDEMAR SANCHEZ,<br><br>Defendant. | Case No. 1:14-cr-00010-BLW<br><br>**REPORT AND RECOMMENDATION** |

On November 13, 2014, Defendant Baldemar Elida Sanchez appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-

**REPORT AND RECOMMENDATION** - 1

sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt, the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant was temporarily detained at the time of his initial appearance and arraignment on the Indictment on June 4, 2014, before United States Magistrate Judge Mikel H. Williams. (Dkt. 12.) After a detention hearing before Judge Williams on June 6, 2014, Defendant was placed on pretrial supervision with strict additional conditions of release, including a third party custodial relationship with Elida Sanchez. (Dkt. 15.) The release conditions were modified with Defendant's agreement on or about September 5, 2014, and he has been compliant with the conditions of release, obtained and maintained employment, has family support, and is attending a substance abuse treatment program. (Dkt 23.) The Probation Officer believes Defendant "has all the tools he needs to be successful[, including] stable housing, employment, and family support." (*Id.*) At the change of plea hearing on November 13, 2014, the Government did not oppose Defendant's continued release and Defendant's counsel proffered a letter from Defendant's treatment provider indicating Defendant's positive progress with

**REPORT AND RECOMMENDATION** - 2

substance abuse treatment.

Upon consideration of the above evidence regarding Defendant's pretrial release and supervision in this case, the undersigned finds the collective circumstances—including the ongoing substance abuse treatment program in which Defendant is engaged—constitute exceptional reasons why Defendant's detention would not be appropriate. Accordingly, the undersigned will recommend that release be continued subject to the conditions previously imposed and modified by Judge Williams.

## **RECOMMENDATION**

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Baldemar Elida Sanchez's plea of guilty to Count One of the Indictment (Dkt. 1),

2) The District Court order forfeiture consistent with Defendant's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 24),

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count Two, Three, and Four of the Indictment (Dkt. 1) as to Defendant, and

4) The District Court continue Defendant's release subject to the Conditions of Release as modified (Dkt. 15, 23).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a

**REPORT AND RECOMMENDATION** - 3

result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **November 14, 2014**

Honorable Candy W. Dale
United States Magistrate Judge

**REPORT AND RECOMMENDATION** - 4